■ MORNINGSIDE FUEL CORP. et al., Appellants, v ASSOCI-ATED FUEL OIL, INC., et al., Respondents. [739 NYS2d 14] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about July 31, 2001, which granted defendant law firm's motion for summary judgment dismissing the complaint as against it, and, sua sponte, directed the remaining parties to proceed to arbitration, unanimously modified, on the law, to vacate the direction that the parties proceed to arbitration, and otherwise affirmed, without costs.

It appears that a prior action between the parties was settled on terms calling for defendants to pay a certain amount of money for certain of plaintiffs' business assets. The complaint alleges that plaintiffs turned over the assets but that defendants have not paid. Upon plaintiffs' motion for appointment of a receiver and defendants' cross motion for an extension of time to answer, the motion court, apparently sua sponte, directed the parties to proceed to arbitration before the Judicial Hearing Officer (JHO) before whom they settled the prior action, or, alternatively, the American Arbitration Association. The only evidence of the arbitration clause is in the record of the proceedings before the JHO at the time of the settlement. Therein, defendants' attorney, after stating that the JHO was to serve as an arbitrator, and responding to a comment by plaintiffs' attorney that "we don't want [the JHO] to have to be involved with anything going forward," stated that the arbitration clause would apply "[w]ith respect to the finalization of the settlement and the settlement documents," i.e., "for the purposes of completing the settlement and the settlement documents." We find that the parties agreed to arbitrate only nonessential terms of their settlement agreement, not whether there was a breach thereof or a conversion of plaintiffs' assets. It was therefore error to direct the parties to arbitration (see, HSBC Bank USA v National Equity Corp., 279 AD2d 251, 254). Concerning plaintiffs' claim that defendant law firm committed conversion when it directed the Post Office to forward what was arguably plaintiffs' business mail to another address, we conclude that it lacks merit because the mail was already being received by the other defendants at the original address and the law firm's actions could not have caused any additional interference with plaintiffs' mail. Thus, the alleged conversion of plaintiffs' mail was already complete at the time of the complained of communication with the Post Office, and, accordingly, the cause of action based thereon lacks merit and was properly dismissed. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.